Hetchcock, C. J.
Before proceeding to the consideration of the specific errors assigned in this case, it is proper to remark that the bill of exceptions is very defective. It discloses no. part of the evidence in the case, so that it is impossible to determine upon some of the errors assigned, whether the court did or did not err.
The first error assigned is “ that the court erred in not charging the jury that a warrant issued in due form of law, by a magistrate or other officer, legally authorized, was necessary to enable an officer to effect a legal arrest, except when on actual view of the commission of an offense.”
Whether it was the duty of the court to charge upon this point at all, must depend upon the facts which had been disclosed *upon the trial; because, if there was no evidence relating to the point, the court could not properly charge upon it.
What is stated in the bill of exceptions is as follows: “ Be it remembered, that on the trial of the above cause, there was no evidence that the said John Brasher, who was a day-watch, had a warrant to arrest the said Jesse Jones, and there was evidence tending to prove that said Brasher had on the day previous to the alleged killing, arrested without warrant, and discharged the said Jesse Jones, and at the time of the killing was attempting to arrest the said Jesse Jones without any warrant, but only upon the charge and suspicion that the said Jesse had committed a *39 crime, and that on the facts, it was material matter of law to determine whether a constable or watchman have the right to arrest without warrant; and the court being divided in opinion as to the law upon that point, so told the jury, and said they could not charge them whether a warrant was necessary or not, and did not charge the jury upon that point.” According to this part of the bill of exceptions, it seems that the court hearing the case, was of opinion “ that on the facts,” this “ was a material matter of law to determine.” This, howover, is not sufficient. This is a question for this.court, acting as a court of errors, to determine, and it can not be determined but upon a disclosure of the facts in the bill« of exceptions.
But what, in reality, is the error complained of? Not that the court refused, upon request of the party, to instruct the jury upon a particular point of law arising in the case. Not that the court violated any principle of law, in the instructions given, but that the court neglected, or forbore to instruct upon one point of law, which is said to have been material in the case.
Suppose, after the testimony and ax-guments of counsel are closed, the court submits the case to the jux-y without any instructions whatever; would this be error, for which the judgment subsequently rendered could be reversed? I apprehend not, fori know of no rule of law which requires a court, of its *own mere motion, to instruct or charge a jury at all; and perhaps those who hold—and there are many such—that in criminal cases the jury are the judges of the law, as well as of the facts, would hold that it was erroneous for the court, in such cases, to give any instructions at all. It is customary for our courts, as a general rule, to charge or instruct juries; but I am not aware of any law which, as a matter of course, imposes any such duty upon them. If it would not be erroneous to neglect to give any instructions whatever, it certainly can not be erroneous to neglect to instruct upon a particular point which may arise in a case. But if the parties to a case, or either of them, request the court to instruct the jury upon the whole case, or upon particular points which may be involved, it is the duty of the court to do it, and if the law is mistaken by the court, it is error.
The rule of law upon the subject I suppose to be this : If the court, in its instruction to the jury, mistakes the law of the case, *40 or if the court is requested to instruct upon a point of law involved in the case, and refuses such instruction, it is error.
Now apply this principle to the case before this court. How does it stand, so far as the first error assigned is concerned? The judges of the court before whom this case was tried, differed upon, a point of law, which, in their opinion, was involved in the case. They so stated to the jury, and for this reason neglected to instruct upon that point. Neither the plaintiff in error nor his counsel made any objection to this action of the court, nor requested any instruction ujion the particular point. Having failed to do this, it is now too late to compilain. Had the plaintiff in error, or his counsel, requested the court to instruct the jury that the law upon this particular point was as they now allege it to be, and had the court refused, the foundation for a writ of error would have been laid, and this court would have been called upon to settle the law upon the subject.
Such, however, is not the state of case, and we do not feel that it would be proper for us to undertake to settle the principal ^question, which has been elaborately and ably argued by counsel. That question, in substance, is, whether a ministerial officer, without process, has any better right to arrest a man suspected of (¡rime than has a private citizen. ¥e are aware that it is a question upon which there is a great contrariety of opinion, and it will be soon enough for the court to decide it when a case is presented rendering it necessary.
The second error assigned is, “that the court erred in not charging the jury that a difference of opinion between the judges composing the Supreme Court, upon a principle of law necessary to be decided in the determination of the guilt or innocence of the person accused, was a reasonable doubt, to be construed in the prisoner’s favor.”
There is the same difficulty with respect to this assignment of error as with respect to the first. It is a mere allegation that the court failed so to instruct, not that there was any refusal of the court so to instruct, when requested. There is also this additional difficulty : the bill of exceptions does not show whether there was or was not any such charge, nor whether any such charged was requested. All that appears in the record is, that this was assigned by counsel as one of the reasons why a new trial should be granted.
*41 The third error assigned is, “that the court permitted the prosecutor to comment upon, and denounce the character of, the plaintiff in error, as corrupt, vicious, and criminal, when said plaintiff had not put his character in issue.”
Upon this point the bill of exceptions contains this statement: “ The prosecutor commented injuriously upon the character of prisoner, when the same had not been put in issue; and the prosecutor claimed it as matter of just inference.” There is nothing to show that there was any action of the court upon this subject at all. All that appears is, that the counsel for the prosecution commented upon the character of the accused, and claimed that he had a right so to do. Whether he had such right was not a question made to the court. Possibly he may have been too severe in his remarks. But this is nothing *uncommon. Counsel frequently take great, and, in fact, unpardonable liberty in commenting upon the character of j>arties, and more especially of witnesses. It does not conduce to the ends of justice. It is a bad practice; and the members of the bar who are addicted to it, from respect to themselves, and to the courts in which they practice, should abandon it. But we should bo unwilling to reverse judgment because the court in which it was rendered had not interfered to prevent improper remarks of counsel.
The fourth and fifth errors assigned are, “ that the court erred in admitting the testimony of persons who were entitled to a reward upon condition the said plaintiff should be convicted,” and “that the verdict is unwarranted by the evidence in the case.”
As to these errors, it is sufficient to say that the record does not show that such persons wore admitted as witnesses, nor does it show what evidence was before the court and jury. The bill of exceptions is silent upon the subject.
The sixth error is, that the court overruled the motion for a new trial; and the seventh, that the judgment was against the plaintiff in error, when it should have been in his favor.
Nothing appears in the record to lead this court to the conclusion that a new trial should have been granted; and, if not, it follows, of course, that the judgment is correct.
Another point is made in the argument of plaintiff’s counsel, which is not noticed in the assignment of errors. It is claimed that by the act of March 12, 1845, “to regulate the judicial courts *42 and the practice thereof” (43 Ohio L. 80), all previous laws conferring criminal jurisdiction upon the Supreme Court were repealed. Such is not the construction which has been put upon the statute by this court. True, the question has never been decided by the court in bank, but it has frequently been agitated upon the circuit; and upon the circuit the court have uniformly exercised the same criminal jurisdiction as before the enactment of the law of 1845.
*In the whole case we discover nothing erroneous. The sentence and judgment of the Supreme Court is affirmed.