**ROGERS, Sheriff, et al. v. DOUGLASS, Judge.**

No. 27983. Oct. 12, 1937.

Lewis R. Morris, County Attorney, B. C. Logsdon, Assistant County Attorney, A. L. Jeffrey, Municipal Counselor, and A. P. Van Meter, Assistant Municipal Counselor, for relators.

Grady Lewis, amicus curiae.

OSBORN, C. J. This is 'an original application in this court filed by Stanley Rogers, sheriff of Oklahoma county, and Granville Scanland, chief of police of the city of Oklahoma City, hereinafter referred to as petitioners, wherein it is sought to obtain a writ of prohibition 'against Frank P. Douglass, judge of the district court of the Thirteenth judicial district, hereinafter referred to as respondent, to prohibit respondent from proceeding further in a certain cause pending in the district court of said judicial district wherein the respondent had issued a temporary restraining order enjoining petitioners from seizing, confiscating, and destroying certain vending (slot) machines.

On June 22, 1937, one Daniel J. Mahoney, a sole trader doing business as the Oklahoma Mint 'and Confection Company, instituted an action in the district court of Oklahoma county, numbered cause No. 93600, wherein it was sought to enjoin petitioners and numerous other peace officers of Oklahoma county and Oklahoma City from seizing, destroying, or interfering with the operation of certain mint vending machines owned and operated by said Mahoney. When the petition was filed, respondent herein, as district judge, without notice to defendants in said action, issued a temporary restraining order enjoining and restraining defendants from interfering in any manner with the operation of plaintiff's machines. On June 25, 1937, petitioner Stanley Rogers filed a motion to dissolve the temporary restraining order. On the same date plaintiff in that action filed an application for a citation for contempt against certain deputies of the said Rogers. A citation was issued by respondent herein and was made returnable before the district court on Monday, June 28, 1937. The hearing on the motion to dissolve the temporary restraining order had theretofore been set for hearing on the same date at 1:30 o'clock p. m. The matter came on for hearing before the respondent, who declined to hear argument on the motion to dissolve the temporary restraining order until petitioner Rogers should appear before the district court of Oklahoma county and purge himself of the charge of contempt then pending before the court, by showing a return to the plaintiff of certain machines which had theretofore been seized and held by certain deputies of the petitioner Rogers. Whereupon this 'action was instituted.

Petitioners contend that the temporary restraining order is void for lack of jurisdiction. No brief has been filed in behalf of respondent, but by permission of court, counsel for Mahoney has filed briefs amicus curiae which present the issue for our determination.

Petitioners take the position that the operation of the mint vending machines constitutes a violation of section 2193, O. S. 1931, a provision of the Criminal Code which provides as follows:

"Any person who sets up, operates or conducts, or who permits to be set up, operated or conducted in or about his place of business, whether as owner, employee or

agent, any slot machine for the purpose of having or allowing the same to be played by others for money, property, checks, credits or any representative of value, shall be deemed guilty of a misdemeanor and, upon conviction shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars; or by imprisonment in the county jail for a term of not more than thirty days, or by both such fine and imprisonment."

Section 1, article 3, chapter 15, Session Laws 1937, provides:

"That all peace officers in the state of Oklahoma are hereby authorized and empowered and it is made mandatory and compulsory on their part, to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention or that they may find in operation."

The method of operation of the vending machines involved herein is described in the petition of plaintiff filed in cause No. 93600, in the district court of Oklahoma county, as follows:

"That said vending machines are operated as follows: The patron deposits a nickel in the slot provided therefor on the machine, pulls a lever attached to the side of the machine, and then turns a knob below, which operations release into an open slot or tray at the bottom of the machine, one standard five cent package of mints, which are candy confections. At the same time, by the same operation, the three reels heretofore described on the front of said machine are caused to spin, creating a flare of brilliant colors which attracts the attention of others to the machine. Said reels quickly come to rest, displaying to the operator and other observers the symbols and combination of symbols thereon hereinabove referred to. When the machine is thus operated, it causes to drop into a receptacle at the bottom thereof, at intervals, five cent pieces, from 3 to 20 and up in number, which may be used by the customer for the purchase of additional mints or other merchandise, or for his further amusement, and constitute wholly and solely an advertising specialty for the purpose of dispensing said mints to the public and increase the sales thereof, and is in the nature of a bonus or dividend, direct to the public, in lieu of any clerk hire or help, national advertising, or other ordinary operating overhead expense to which the vendor would be subjected were not said machine so automatically operated."

The case of Nelson v. State, 37 Okla. Cr. 90, 256 P. 939, is determinative of the proposition that the operation of the machine involved herein constitutes a violation of section 2193, supra. In that case there was involved a machine which delivered a package of mints and sometimes delivered varying numbers of trade checks which could be exchanged for merchandise. It appears that the machines involved herein deliver packages of mints and "at intervals 5 cent pieces from three to 20 up in number which may be used for the purchase of * * * other merchandise." We quote from the syllabus in the case of Nelson v. State, supra, as follows:

"A slot machine which delivers an article the sale price of which is the coin deposited in the machine, and in addition thereto sometimes delivers varying numbers of trade checks, and also indicates before each play what the machine will deliver on that particular play, but does not indicate what will be delivered on any subsequent play, is prohibited from being set up and operated in a place of business under section 1941, Comp. Laws 1921.

"In order to render a slot machine a gambling device, it is not necessary that the money deposited may be lost; if there may be obtained more in value than the coin deposited, dependent upon chance, it is a gambling device."

The conclusion is inescapable that the machines involved were being operated in violation of the provisions of section 2193, supra. The principal question involved herein is procedural in nature. It is urged that the trial court did not exceed its jurisdiction in entering the temporary restraining order, therefore the remedy of prohibition is not available.

It is well settled in this jurisdiction that equity, by injunction, will interfere to prevent the enforcement of an invalid criminal statute where it is made to appear that valuable property rights are being invaded and irreparable injury will result from its enforcement, but equity will not interfere where the validity of the statute or the good faith of the officers is not assailed. Callison v. Kirkpatrick, Co. Atty., et al., 145 Okla. 132, 292 P. 54; Stout et al. v. Pardoe, County Atty., et al., 128 Okla. 3, 261 P. 366.

In the case of Whitson v. City of Cherokee, 173 Okla. 208, 46 P. (2d) 907, it was pointed out that in order to justify injunctive relief against the enforcement of a city ordinance it must be shown that the ordinance was invalid and that "the enforcement thereof would destroy property

rights and inflict irreparable injury," and that "these three essential elements must exist together in order for equity to assume jurisdiction."

It is a general principle that a court of equity has no jurisdiction over the prosecution and punishment of crimes and ordinarily will not restrain or relieve against proceedings of that kind. In re Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402; Harkrader v. Wadley, 172 U. S. 148, 19 S. Ct. 119, 43 L. Ed. 399; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; State v. Carroll (Mont.) 279 P. 234; State ex rel. Stewart v. District Court, 77 Mont. 361, 251 P. 137, 49 A. L. R. 627.

"This rule * * * is a wise one and is founded on sound principles of public policy, having regard to the fact that the prosecution and punishment of crimes and misdemeanors are matters peculiarly within the province of common-law courts and that for a court of equity to assume jurisdiction in such cases would invade the domain of the latter tribunals. Nor is it material whether the prosecution is by indictment or summary process, as in all such cases the remedy by injunction is regarded 'as inappropriate. It is also apparent that in most of these cases. the facts upon which a complainant would base his claim for injunctive relief * * * could be 'asserted by way of defense in the criminal prosecution." 14 R. C. L. pp. 427-428, par. 130.

We have heretofore pointed out the exceptions to the general rule. It is obvious that the rule and not the exceptions thereto are applicable in the instant case, since no attack is made upon the validity of any of the criminal statutes involved herein. The conclusion is inescapable that plaintiff in cause No. 93600 in the district court of Oklahoma county has not invoked the equity jurisdiction of that court and that the orders entered by the court are in excess of its jurisdiction.

It is urged in the instant case that before petitioners are entitled to relief in this court it must be shown that the lack of jurisdiction in the district court was called to the attention of that court and that said court persisted in exercising jurisdiction of the cause thereafter. It appears, however, that petitioner Stanley Rogers filed a motion to dissolve the temporary restraining order issued by said court in which it was specifically alleged that said court "was without jurisdiction to entertain the peti-

tion of plaintiff or to issue the temporary restraining order which was issued for the reason that a court of equity is without jurisdiction to enjoin enforcement of the criminal laws of the state by the officers charged with their enforcement." After the filing of the motion to dissolve, the district court persisted in exercising jurisdiction in the matter by its order that petitioner Rogers purge himself of contempt by returning to plaintiff therein the vending machines seized and held by him as sheriff of Oklahoma county. It therefore appears that there is no merit in this contention.

Writ granted.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY and WELCH, JJ., absent.