**STATE of Oklahoma, ex rel. Bill HENSLEY, County Attorney of Comanche County, Oklahoma, Petitioner,**

v.

**Luther B. EUBANKS, Judge, 5th Judicial District of Oklahoma, Respondent.**

No. A–13136.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1962.

David J. Aubrey and Chester D. Silvers, Lawton, for petitioner.

Arthur L. Cavanagh and Manville Redman, Lawton, for respondent.

**PER CURIAM.**

This is an application for writ of prohibition filed by Bill Hensley, County Attorney of Comanche County, Oklahoma, to prohibit the Honorable Luther B. Eubanks, Judge of the 5th Judicial District of Oklahoma from enforcing a restraining order heretofore entered by the court in the prosecution of the case "State of Oklahoma vs. William C. Love. Briefly the facts are that on October 14, 1961, petitioner filed a complaint in the Court of Special Sessions in and for Comanche County, Oklahoma, styled "State of Oklahoma v. William C. Love, wherein it was alleged that one William C. Love had committed a felony in Comanche County in violation of 21 O.S. § 341. On this same day William C. Love was arraigned on said complaint, pleaded not guilty, and the Judge of the Court of Special Sessions set November 14, 1961, as the date for preliminary hearing. On

October 20, 1961, petitioner in his capacity as County Attorney of Comanche County and by authority of 22 O.S. § 258 (2nd subdivision) applied for and received approval to issue subpoenas for one Ted Ralston and one Edwin Rumbaugh, both of Lawton, Oklahoma, said persons believed to have information concerning the case above referred to and whose testimony the state desired to have given under oath and reduced to writing. On October 20, 1961, the respondent, Luther B. Eubanks, issued a restraining order whereby Bill Hensley as County Attorney of Comanche County and any members of his staff, were restrained from taking the testimony of witnesses without proper notice to William C. Love and further that said William C. Love should be afforded the right to be present in person or by attorney or both at the taking of such testimony, and to have the right of cross examination, together with any other legal and judicial rights inherent in any such proceedings. On October 24, 1961, hearing was held on a motion to dissolve said restraining order, the respondent overruled the motion and enjoined petitioner from further proceedings as set out in his original order.

■ Whether or not the writ of prohibition will be granted or denied rests on the determination of a single issue; *did the trial court exceed its jurisdiction in entering the temporary restraining order?* If the court did not exceed its jurisdiction then the proper procedure would be by appeal, not by writ of prohibition. On the other hand if the district court did exceed its jurisdiction in granting the restraining order then prohibition is the proper remedy.

■ It is a general principle that a court of equity has no jurisdiction over the prosecution and punishment of crimes and ordinarily will not restrain or relieve against proceedings of that kind. In re Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402. However, there are exceptions to this general rule and in this jurisdiction it is well settled that equity, by injunction, will interfere to prevent the enforcement of an invalid criminal statute where it is made to appear that three elements exist. These three essential elements must exist together in order for equity to assume jurisdiction. They are: (1) That the statute to be avoided is attacked and proved to be unconstitutional or invalid and that enforcement of the statute would (2) Destroy property rights and (3) inflict irreparable injury. See Whitson v. City of Cherokee, 173 Okl. 208, 46 P.2d 907; Callison v. Kirkpatrick, 145 Okl. 132, 292 P. 54; Rogers v. Douglass, 181 Okl. 32, 72 P.2d 823.

■ In the case at bar, not one of the three essential elements exist. William C. Love's application for restraining order was based on the assumption that the county attorney had violated the provisions of 22 O.S. § 258, no attack was made on the constitutionality or validity of said statute. Furthermore, no property right of Love's was involved, rather it was a personal right that was sought to be protected by the restraining order. In view of these circumstances we hold that the district court did not have jurisdiction to issue the restraining order and that prohibition is the proper remedy.

■ The question of whether a personal right may be protected by equity in a criminal procedure has never been squarely passed on in this state. It is elementary that the jurisdiction of our courts of equity, unless enlarged by express statute, is, in large measure, confined to the protection of property rights. They have no general jurisdiction over the prosecution or the punishment, of criminal offenses. To assume such jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for punishment would in effect allow a court of equity on an application for injunction to try a defendant properly charged with a criminal offense while our criminal courts, constituted solely for the purpose of handling such cases, are preempted of their proper jurisdiction. Further, it is also apparent that in most of these cases, the facts upon which a complainant would base his claim for injunctive relief could be asserted by way of defense in the criminal prosecution. Even if this

court were to hold that a defendant's personal rights in criminal proceeding could be protected by equity, the restraining order in this instance could not stand because Love did not attack the constitutionality or validity of 22 O.S. § 258 in his application for the restraining order, rather his sole contention was that the county attorney had violated the provisions of that statute. This does not mean that the constitutional rights of an accused may be violated. It is the responsibility of the criminal courts of this jurisdiction to protect the rights of an accused when ruling on the admission or rejection of evidence in a cause properly before them on a trial of the issues. If the court erroneously rules on the admission or rejection of evidence both the accused and the state have the right to appeal to this court.

The conclusion is inescapable that plaintiff in cause No. 19,714 in the district court of Comanche county has not invoked the equity jurisdiction of that court and that the order entered by the court was in excess of its jurisdiction. The writ is therefore granted.