Gary MAYNARD, Individually and in his Capacity as Director of the Oklahoma Department of Corrections, James L. Saffle, Individually and in his Capacity as Warden of the Oklahoma State Penitentiary, Fred Cook, Individually and in his Capacity as Death Row Unit Manager, Steve Pebworth, Individually and in his Capacity as Death Row Run Manager, Jerry Dowling, Individually and in his Capacity as Captain of the Guards, and Gary Elliot, Individually and in his Capacity as Legal Counsel for the Oklahoma State Penitentiary, Petitioners,

v.

The Honorable Robert A. LAYDEN, Judge of the District Court of Pittsburg County, Respondent.

No. P–91–926.

Court of Criminal Appeals of Oklahoma.

April 22, 1992.

### ORDER GRANTING WRIT OF PROHIBITION AND RE–SETTING EXECUTION DATE

The Petitioners have filed in this Court an Application to Assume Original Jurisdiction and Petition for Writ of Prohibition in which they request an order directing the Honorable Respondent to vacate a portion of his order entered October 1, 1991, in Pittsburg County District Court Case No.

C–91–670. The Petitioners seek to vacate that portion of the order which purports to enjoin Petitioners from carrying out the legally authorized execution of Benjamin Brewer ("Brewer") in Tulsa County District Court Case No. CRF–78–2137.

On August 27, 1991, the District Court of Tulsa County conducted an inquiry, pursuant to 22 O.S.1991, §§ 1012, 1013, to determine whether any legal reason exists against the execution of the judgment of death in Case No. CRF–78–2137 and entered an Order of Execution, setting the execution of Brewer for October 29, 1991, at 12:00 p.m. On September 24, 1991, Brewer filed in the District Court of Pittsburg County, Case No. C–91–670, an action styled as a civil rights action under authority of 42 U.S.C. §§ 1983, 1986; the Sixth, Eighth and Fourteenth Amendments to the United States Constitution; and Article II, §§ 2, 6, 7, 9, and 20 of the Constitution of the State of Oklahoma. In said action, Brewer alleged that the Petitioners conspired and acted together to interfere with, and destroy, the relationship between Brewer and his attorneys, thus depriving Brewer of his constitutional right of access to the state and federal courts, of access to and assistance of counsel, and of due process of law. On October 1, 1991, the Honorable Respondent issued a Temporary Injunction in Pittsburg County District Court Case No. C–91–670 enjoining Petitioners from executing Brewer on October 29, 1991, or at any other time. In this action, Petitioners challenge the Honorable Respondent's jurisdiction and authority to enter said Temporary Injunction.

Initially, this Court assumed jurisdiction to the extent the Pittsburg County action attacked and sought to stay or enjoin the imposition of criminal punishment, directed responses, stayed the execution ordered by the District Court of Tulsa County and stayed proceedings in Pittsburg County District Court as those proceedings pertain to the Tulsa County order. Subsequently, the Oklahoma Appellate Indigent Defender, on behalf of Respondent and Brewer the real party in interest, challenged this Court's initial assumption of jurisdiction over the Pittsburg County action by filing, in the Oklahoma Supreme Court, an application to assume original jurisdiction, a petition for writ of mandamus and a petition for writ of prohibition. The Oklahoma Supreme Court has entered an order noting in part that the punishment, and the amount thereof, is an essential part of the judgment in a criminal case and that the carrying out, prohibiting, or staying such a judgment is within the exclusive appellate jurisdiction of this Court. The Oklahoma Supreme Court therefore declined to assume jurisdiction of the Appellate Indigent Defender's challenge to this Court's assumption, in this proceeding, of specified jurisdiction over the Pittsburg County action.

The issue now before this Court is whether the District Court of Pittsburg County, in determining the merits of Brewer's claims in the civil rights action, has the jurisdiction and authority to impact the order to carry out the death sentence entered in a criminal case in Tulsa County. We find that the District Court of Pittsburg County does not have such jurisdiction and authority.

■ The court in which the conviction is had, and a judgment of death rendered, is the forum for signing a death warrant and making an order that the judgment be executed. 22 O.S.1991, §§ 1001, 1013; *State v. Brewer*, 814 P.2d 505, 506 (Okl.Cr.1991). If a judgment of death has not been executed, said court must set the date of execution after having the defendant brought before it, inquiring into the facts, and determining that no legal reason exists against the execution of the judgment. 22 O.S.1991, §§ 1012, 1013. Clearly, the District Court of Tulsa County has jurisdiction and authority over Brewer's conviction and must determine issues relating to the execution of the judgment of death.

The Appellate Indigent Defender asserts, however, that Brewer is entitled to bring an action in Pittsburg County under 42 U.S.C. § 1983 (1979) claiming that his civil rights have been violated by Department of Corrections officials. The Appellate Indigent Defender also states, citing 12 O.S. 1991, § 1381 et seq., that Brewer cannot be

precluded from obtaining, in such an action, an injunction to prohibit any proven violations of his civil rights.

▮ Brewer has the right to file a civil rights action and, if his complaints are valid, to obtain an injunction in such an action. However, the breadth of such an action, including the remedies available thereunder, is not unlimited and, as a general rule, cannot affect or apply to criminal actions, including the imposition of criminal punishment. *See Rogers v. Douglas*, 72 P.2d 823, 825 (Okla.1937)[1]. Such is true especially where the criminal law provides a statutory remedy to prohibit the wrong or injury for which redress is sought by injunction. *See Id.; Independent School District No. 9 of Tulsa County v. Glass*, 639 P.2d 1233, 1237 (Okla.1982).

Sections 1012 and 1013 of Title 22 of the Oklahoma Statutes provide the forum and the remedy for a capital defendant to prohibit the execution of a judgment of death by showing, in the court in which the conviction was had, that any legal reason exists against such execution. 22 O.S.1991, §§ 1012, 1013. We find that such a statutory forum is appropriate and sufficient to raise all possible claims against the imposition of a judgment of death. Therefore, an injunction emanating from an alternative forum is not necessary to effectuate such relief and is an improper intrusion upon criminal proceedings.

Brewer was provided the forum and afforded the opportunity, under the above-cited statutes, to assert all legal reasons against the execution of his judgment of death, including those raised in the Pittsburg County civil rights action. The District Court of Tulsa County rejected Brewer's assertions thereby determining that all legal reasons against the execution have been exhausted. His foray into the District Court of Pittsburg County is simply a shopping excursion to find a sympathetic forum that will disagree with the Tulsa County District Court findings and conclu-

sions. Such excursions are not authorized and must be thwarted.

▮ A writ of prohibition will issue if (i) a court has exercised judicial power, (ii) the exercise of said power is unauthorized by law, and (iii) the exercise of said power will result in injury for which there is no other adequate remedy. *Umholtz v. City of Tulsa*, 565 P.2d 15, 18 (Okla.1977). This Court finds, based upon independent state grounds as defined in the above-cited statutory authority, that the District Court of Pittsburg County has exercised judicial power in enjoining the execution of Brewer's death sentence, that the District Court is without jurisdiction and authority to issue such an injunction, and that the only way to allow the court with proper authority to impose criminal punishment in this case is to prohibit enforcement of the injunction. Therefore, a writ of prohibition, directing the District Court of Pittsburg County, in Case No. C–91–670, to vacate only that portion of its order which enjoins imposition of the judgment of death in Tulsa County District Court Case No. CRF–78–2137, should be, and is hereby, GRANTED.

The date set by the District Court of Tulsa County for execution of Brewer's judgment of death in Case No. CRF–78–2137 has passed, therefore, this Court finds it necessary to re-set the execution date. Accordingly, the execution date for Benjamin Brewer who was convicted of First-Degree Murder in Tulsa County District Court Case No. CRF–78–2137, in which the death penalty was assessed, shall be set for the 22nd day of June, 1992, at 12:05 a.m.

This Court finds that all other motions, applications, petitions and/or requests filed in this Court in connection with this matter are rendered moot by this order and are hereby DISMISSED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

---

1. In *Rogers*, the Oklahoma Supreme Court held that a district judge was without jurisdiction to issue a temporary restraining order enjoining enforcement of a criminal statute that had not been shown to be invalid. A writ of prohibition was granted thus dissolving the temporary restraining order.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge
/s/ Edgar H. Parks
EDGAR H. PARKS,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge