**The STATE of Oklahoma, Appellant,**

v.

**Brian Alden TOLLE, Appellee.**

**No. S-96-1420.**

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1997.

Tim D. Kuykendall, District Attorney, Hilary Allen, Assistant District Attorney, Norman, for the State.

David M. Brockman, Norman, for Brian Alden Tolle.

## OPINION

LANE, Judge.

The State of Oklahoma is before us on a reserved question of law: Whether prima facie proof of the crime of Possession of Low–Point Beer by a Person Under 21 Years of Age (37 O.S.Supp.1995, § 246) may be established *only* by chemical analysis of the substance alleged by the State to be low-point beer. We hold chemical analysis is not necessarily the only sufficient proof; circumstantial evidence may be sufficient to prove the alcoholic content of beer.

This case arises out of a traffic stop at SW 4th Street and Telephone Road in Moore, Oklahoma shortly after 7:00 p.m. on October 5, 1996. Brian Tolle, who had his seventeenth birthday the day before, was a passenger in a 1986 red Buick Regal that had an expired tag with a stolen tag decal. Officer Bankston stopped the vehicle when he noticed the tag. He saw a tapped "Olympia Beer Company" keg in the back seat of the car during the ensuing investigatory stop. He pulled the tap and drew a yellow, foamy substance that smelled like beer.

Tolle was charged with Possession of Low–Point Beer by a Person Under 21 Years of Age in violation of 37 O.S. Supp.1995, § 246. He waived jury trial, and at the ensuing bench trial the parties stipulated to the above-stated facts. When Tolle demurred to the evidence on the authority of *United States v. Sain*, 795 F.2d 888 (10th Cir.1986), the trial court sustained the demurrer, and the State filed the instant appeal.

In *Sain* a serviceman was convicted of Transporting a Non-intoxicating Beverage in an Opened Container (21 O.S.1981, § 1220) in federal district court. 795 F.2d at 892. Federal jurisdiction was obtained through the Assimilated Crimes Act, 18 U.S.C. § 13 (1982), for the situs of the crime was Tinker Air Force Base. On appeal to the Tenth Circuit, sufficiency of the evidence was at issue. The Tenth Circuit reversed and dismissed after interpreting Oklahoma state law to *require* chemical analysis for prima facie proof of the alcoholic content of low-point beer.

■ This decision by a federal court on a pure question of state law is not binding on us. *Dean v. Crisp*, 536 P.2d 961, 963 (Okl.Cr. 1975), overruled on other grounds, *Edwards v. State*, 591 P.2d 313, 317 (Okl.Cr.1979); *Lawrence v. Woods*, 432 F.2d 1072, 1076 (7th Cir.), *cert. denied*, 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971). It is the exclusive province of the Oklahoma Court of Criminal Appeals, the court of last resort for criminal matters in this state, Okla. Const. art. VII, § 4, to construe state criminal statutes. *State v. Blevins*, 825 P.2d 270, 271–272 (Okl.Cr.1992). The quantum of proof for the elements of a crime defined by state statute is purely a question of state criminal law, a

question to be resolved with binding precedent only by this Court.

■ We reject the holding of *Sain.* Nothing in the state constitution or state statutes, including the Evidence Code, designates the type of direct or circumstantial evidence required to prove a substance is low-point beer. This open evidentiary approach is apparent in the proof of other regulated substances as well. As the State correctly argues, lay testimony and circumstantial evidence have been found sufficient to identify a green, leafy substance as marijuana. *Swain v. State,* 805 P.2d 684, 685–686 (Okl.Cr.1991).

Our holding today should not dissuade prosecutors from obtaining a chemical analysis if the case warrants this direct evidence. Testimony sufficient to identify a substance *generically* as beer may well be insufficient to prove the substance is *low-point* beer, a necessary element of some crimes.

In the case below, for example, the State presented ample circumstantial evidence to prove the foamy substance tapped from the keg was *beer,* but presented no evidence at all to prove the alcoholic content of the beer. This flaw, fatal to the State's case, would have inured to the benefit of the defendant had a question of sufficiency of the evidence reached us.

Probative circumstantial evidence available to prosecutors will, of course, be determined by the facts of the case. Labeling of the container, the sales receipt, the license of the vendor and wholesale practices may well provide fruitful sources. Whether circumstantial evidence in any given case is sufficient to prove alcoholic content will depend on the entirety of the State's case.

### DECISION

The reserved question of law is answered. Chemical analysis is not necessarily required to prove a substance is low-point beer.

CHAPEL, P.J., STRUBHAR, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.