1999 OK CR 45

Jimmy Dale BLAND, Petitioner.

v.

STATE of Oklahoma, Respondent.

No. PCD–99–1200.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1999.

***ORDER DENYING MOTION FOR LEAVE OF COURT TO CONDUCT PRE–FILING FACTUAL DISCOVERY WITH SUBPOENA POWER FOR DOCUMENTS AND TESTIMONY***

¶ 1 On October 15, 1999, Petitioner, by and through counsel Bryan Lester Dupler, Capital Post Conviction Division, Oklahoma Indigent Defense System, filed a Motion for Leave of Court to Conduct Pre–Filing Factual Discovery with Subpoena Power for Documents and Testimony. In support of this motion, Petitioner argues this Court should "reconsider its blanket prohibition on pre-filing discovery in capital post-conviction cases." Petitioner asserts that "[s]uch discovery would prove helpful in resolving factual issues that frequently go unresolved or improperly resolved by this Court in its final order without an opportunity for full and fair evidentiary development of the factual contention in question."

¶ 2 Specifically, Petitioner requests leave to depose upon reasonable notice the following individuals: Mark Barrett and Sara Bonnell, trial counsel; John Wampler, District Attorney and trial prosecutor; Dan Deaver, Assistant District Attorney and trial prosecutor; Sandra Mulhair Cinnamon, appellate counsel; Charlie Dunn, former Patrolman, Grandfield Police Department; Ed Marble, Tillman County Deputy Sheriff; and Mike Evans, Former Assistant District Attorney for Tillman County. For each individual listed, Petitioner sets out the issues upon which the person would be deposed. Petitioner also requests leave of the Court to serve deposition subpoenas and *subpoenas duces tecum* on the foregoing persons as well as any other persons who may be identified at a later time prior to the filing of the post-conviction application. Petitioner asserts that such discovery and depositions would be limited to issues this Court is plainly permitted to consider in a capital post-conviction proceeding, including factual matters relating to:

newly discovered evidence and/or improperly withheld exculpatory evidence claims about which are cognizable under 22 O.S. § 1089(D)(9)(b) (claim for which factual basis is unavailable in prior appeal);

ineffective assistance of trial counsel involving facts outside the trial record, cognizable under 22 O.S. § 1089(D)(4)(b)(1); and,

claims involving ineffective assistance of appellate counsel, cognizable under 22 O.S. § 1089(D)(4)(b)(2).

¶ 3 Discovery at the post-conviction stage of the appellate process is governed by Rule 9.7(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (1998) and 22 O.S.Supp.1998, § 1089(D)(3). Under this authority, this Court may issue any orders as to discovery or any other orders necessary to facilitate post-conviction review, subject to the specific limitations of the Post–Conviction Procedure Act. 22 O.S.Supp.1998, § 1089(D)(3). Requests for discovery by either party shall be filed with this Court before or at the time the application for post-conviction relief is filed. Rule 9.7(D)(2). Discovery requests filed after the application is filed shall not be considered. In considering such discovery requests, this Court shall presume the parties complied with all discovery orders issued by the District Court at the time of trial and in accordance with 22 O.S.1991, §§ 2001 and 2002. Rule 9.7(D)(3). All discovery requests shall be adjudicated based on the pleadings; provided, however, that if failure to comply with a discovery order is the grounds for an issue raised in the application, this Court may remand pursuant to 22 O.S.Supp.1998, § 1089(D)(5). Rule 9.7(D)(4).

¶ 4 In the present case, time has not yet run on the filing of the application for post-conviction relief, therefore the motion has been timely filed.[1] Petitioner has not alleged there has been a failure to comply with a discovery order issued by the district court. He has only sought leave to depose and service of subpoena *duces tecum* upon the listed individuals. The time for taking depositions and issuing subpoenas in a criminal

---

1. As Petitioner's reply brief was filed August 30, 1999, the Application for Post–Conviction Relief is due to be filed November 30, 1999. Rule 9.7(A)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (1998).

case is governed by 22 O.S.1991, § 761. This statute provides:

> When a defendant has been held to answer a charge for a public offense, the defendant or the State of Oklahoma may either before or after indictment or information, have witnesses examined conditionally on his behalf as prescribed in this article, and not otherwise.

¶ 5 This Court has held that under section 761 the taking of depositions in criminal cases "does not arise until the defendant has been bound over to answer the charge, after preliminary hearing which obviously precedes the information, or after an indictment by a grand jury, in a felony case." *Parmenter v. State*, 377 P.2d 842, 844 (Okl. Cr.1963). In *Parmenter*, the Court further stated "[w]e know of no other conditions provided in the statute for taking depositions in criminal cases, and they shall not be taken otherwise, the statute says." *Id.* Therefore, Petitioner's request to take depositions and issue subpoenas is not applicable in this post-conviction action where a final judgment and sentence has been entered.

¶ 6 Under the Post–Conviction Procedure Act, the only discovery permitted is through the procedure established for an evidentiary hearing. Rule 9.7(D). The evidentiary hearing allowed under Rule 9.7(D)(5) is for the purpose of supplementing the appellate record with evidence already discovered. *Slaughter v. State*, 969 P.2d 990, 998 (Okl.Cr. 1998). It is not the discovery procedure utilized prior to and during the trial of a criminal case. *Id.* The Oklahoma Discovery Code, 12 O.S.1991, § 3224 *et seq.*, is not applicable in post-conviction proceedings. Neither is the Oklahoma Criminal Discovery Code, 22 O.S.Supp.1994, § 2001, *et seq.* applicable as its provisions are directed to trial proceedings. Under Rule 9.7(D)(5), a post-conviction applicant is not entitled to an evidentiary hearing unless "the application for hearing and affidavits contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." Petitioner has the responsibility to come forward with evidence that meets the requirements of our rules, not speculation on what might be able to be presented at a later date. *Slaughter*, 969 P.2d at 998.

¶ 7 In this case, Petitioner has not set forth any evidence which has been discovered and is now presented to the Court for consideration as to whether it meets the threshold requirements for an evidentiary hearing. He merely seeks to depose the listed individuals, who are attorneys, as to their observation and personal knowledge of factual matters relating to their participation in the trial or appeal of this case; their professional experience; the nature and scope of their investigations into the case; the nature of their relationship with the defendant before and during the proceedings; the strategic reason, if any, for acts or omissions before and during the trial; and conduct of the trial judge. As for the other individuals listed, Petitioner seeks to depose them on matters relating to the 1975 homicide of Raymond Prentice and whether their knowledge of certain allegedly missing evidence would create a triable issue of fact concerning whether the shooting of Raymond Prentice by Petitioner was a justifiable homicide committed in self-defense. These issues upon which Petitioner seeks to depose the listed individuals are merely speculation as to what might be discovered rather than evidence which has already been developed and needs to be included in the record on appeal to adjudicate the issues raised. *Gilbert v. State*, 955 P.2d 727, 734 (Okl.Cr.1998).

¶ 8 This Court has never allowed unfettered discovery in post-conviction proceedings, and the new Act does not broaden discovery rights. *Walker v. State*, 933 P.2d 327, 340 (Okl.Cr.), *cert. denied*, 521 U.S. 1125, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Petitioner has failed to show this Court why additional discovery is necessary or allowed within the context of there quest. In November 1996, the victim in this case was murdered and Petitioner was arrested and charged with committing that murder. Petitioner's trial was held in January 1998, his petition in error filed in August 1998 and his direct appeal brief filed in April 1999. In

excess of two years elapsed from the date Petitioner was arrested to the filing of his direct appeal brief. This period of time was more than sufficient to complete investigation and discovery for both trial and direct appeal. At this stage, Petitioner has the responsibility to present facts, not speculation warranting the supplementation of the record on appeal. This he has failed to do. Therefore, his request for leave of Court to conduct pre-filing factual discovery with subpoena power for documents and testimony is hereby **DENIED.**

¶ 9 **IT IS SO ORDERED.**

¶ 10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 19th day of November, 1999.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel (Concur in Result)
CHARLES S. CHAPEL, Judge

/s/ Steve Lile
STEVE LILE, Judge