2014 OK CR 3

**Clayton LOCKETT and Charles Warner, Appellants,**

**v.**

**STATE of Oklahoma, Appellee.**

**Nos. D–2000–1330, D–2003–829.**

Court of Criminal Appeals of Oklahoma.

April 18, 2014.

### ORDER DENYING STAYS OF EXECUTION

¶ 1 The Oklahoma Supreme Court has again transferred to this Court a joint request for stay of execution filed in connection with a civil appeal involving Appellants currently pending before that Court. *Lockett, et al. v. Evans, et al.,* Case No. 112,741 (April 11, 2014). The recent procedural history of this case is lengthy and requires repeating for clarity. This Court set execution dates in January 2014 for Lockett and Warner after both death row inmates had exhausted their state and federal appeals.[1] Both sought and were denied executive clemency from the Oklahoma Pardon and Parole Board. On February 26, 2014, Lockett and Warner filed

---

1. Lockett's original execution date was set for March 20, 2014 and Warner's original execution date was set for March 27, 2014.

a civil declaratory judgment action in the District Court of Oklahoma County against the Oklahoma Department of Corrections (ODOC). *Lockett, et al. v. Evans, et al.,* Case No. CV–2014–330. That lawsuit challenged, among other things, the constitutionality of the confidentiality provision in 22 O.S.2011, § 1015(B).[2] The complaint was accompanied by a motion for injunctive relief seeking a stay of their respective executions. Because the complaint challenged § 1015(B) on both state and federal grounds, ODOC removed the case to federal court. Appellants amended their complaint, deleting all federal constitutional claims, and the federal district court declined jurisdiction and remanded the case back to state court. Appellants filed an amended complaint along with their motion for stay of execution. The Honorable Patricia G. Parrish of the District Court of Oklahoma County held a hearing on March 10, 2014, and denied Appellants' request for stay of execution, finding that "jurisdiction for such matters properly lies with the Oklahoma Court of Criminal Appeals." Judge Parrish did not otherwise rule on the declaratory judgment action.

¶ 2 On March 11, 2014, Appellants filed with the Oklahoma Supreme Court a petition in error and designation of record to initiate an appeal of Judge Parrish's ruling denying the requested stay of execution. *See Lockett, et al. v. Evans, et al.,* Case No. 112,639. Appellants also filed with the Oklahoma Supreme Court an "Emergency Application for Stay of Execution Pending Outcome of Appeal." The next day ODOC filed a response in opposition to Appellants' motion for stay of execution. On March 13, 2014, the Oklahoma Supreme Court ruled that Judge Parrish had

jurisdiction to hear the merits of Appellants' declaratory judgment action. That Court declined, however, to grant a stay of execution, citing *Maynard v. Layden,* 1992 OK CR 31, 830 P.2d 581,[3] and transferred to this Court Plaintiffs' Emergency Application for Stay of Execution Pending Outcome of Appeal. That same day, this Court directed briefs from the parties addressing the applicability of *Malicoat v. State*[4] and 22 O.S.2011, § 1001.1 to the application for stay. In the supplemental briefing, the State announced its inability to procure the necessary execution drugs for the impending executions. Based on the State's revelation that it lacked execution drugs and could not obtain them, this Court on March 18, 2014 vacated Lockett's and Warner's execution dates and reset them.[5] On March 26, 2014, Judge Parrish ruled from the bench that the portion of § 1015(B) making confidential the identity of execution participants and those who supply the execution drugs violated Appellants' state constitutional right to access to the courts.[6] A written order memorializing Judge Parrish's ruling was entered on April 1, 2014. Appellants filed in this Court an application for stay of execution on April 7, 2014, but did not file an action challenging their convictions, death sentences or the constitutionality of the execution protocol. The State filed a response that same day, attesting that ODOC had the necessary drugs to lawfully carry out Appellants' scheduled executions and had advised Appellants of ODOC's newly adopted execution protocol. This Court denied Appellants' request for stay of execution on April 9, 2014, on the basis that we had no authority to enter a stay under 22 O.S.2011, § 1001.1(C) because there was no pending

---

2. The confidentiality provision of § 1015(B) states: "The identity of all persons who participate in or administer the execution process and persons who supply the drugs, medical supplies or medical equipment for the execution shall be confidential and shall not be subject to discovery in any civil or criminal proceedings."

3. In *Layden,* this Court referenced an Oklahoma Supreme Court order that denied a death row inmate's application to assume original jurisdiction and petitions for writs of prohibition and mandamus because "the punishment, and the amount thereof, is an essential part of the judgment in a criminal case and that the carrying out, prohibiting, or staying such a judgment is

within the exclusive appellate jurisdiction of [the Court of Criminal Appeals]." *Layden,* at ¶ 3, 830 P.2d at 582. *Layden* dealt with statutes (22 O.S. 1991, §§ 1012 & 1013) that have been repealed but the rule enunciated above remains valid.

4. 2006 OK CR 25, 137 P.3d 1234.

5. Lockett's execution date is set for April 22, 2014 and Warner's execution date is set for April 29, 2014.

6. Judge Parrish denied the balance of Appellants' claims in the amended petition.

case in this Court. With their executions approaching and their request for stay of execution denied by this Court, Appellants filed on April 11, 2014, an application for stay of execution in the Oklahoma Supreme Court in connection with their appeal of Judge Parrish's adverse ruling of March 26, 2014.[7] The State filed a response. The Oklahoma Supreme Court transferred the application for stay of execution to this Court on April 17, 2014 to decide whether a stay of execution should be issued pending the resolution of Appellants' civil appeal before the Supreme Court.[8] The Supreme Court retained jurisdiction of Appellants' appeal of Judge Parrish's adverse ruling.

¶ 3 The Court of Criminal Appeals has exclusive appellate jurisdiction in crimi-nal cases and may exercise such other and further jurisdiction as may be conferred by statute. Okla. Const. art. 7, § 4; 20 O.S. 2011, § 40. Our authority to grant a stay of execution is limited by 22 O.S.2011, § 1001.1(C).[9] The language of § 1001.1(C) is clear. This Court may grant a stay of execution only when: (1) there is an action pending in this Court; (2) the action challenges the death row inmate's conviction or death sentence; and (3) the death row inmate makes the requisite showings of likely success and irreparable harm. The Supreme Court's opinion transferring Appellants' application for stay of execution finds that this Court "ignored" subsections (D),[10] (E),[11] and (F)[12] of § 1001.1 in denying Appellants' April 7th application for stay of execution filed in this Court. We respectfully disagree

7. Appellants appeal Judge Parrish's rulings that (1) Section 1014 of Title 22 is not an unconstitutional delegation of legislative authority; and (2) the Oklahoma Administrative Procedures Act was not violated by ODOC when it enacted its new execution protocol. The State filed its petition in error appealing Judge Parrish's ruling finding 22 O.S.2011, § 1015(B) unconstitutional on April 18, 2014.

8. The Supreme Court's opinion urges us "to be cognizant of the time restraints associated with the submission of the appeal(s) to this Court along with the gravity of the first impression constitutional issues this Court will be charged with in addressing the civil appeal, or appeals." *Lockett et al. v. Evans et al.*, 2014 OK 28, ¶ 4, —— P.3d ——. ODOC has furnished Appellants with the names, dosages and expiration dates of the three drugs it will use for execution. Armed with this information, Appellants have failed to challenge the new protocol on Eighth Amendment grounds and insist only that the identities of the drug suppliers and manufacturers may lead to a basis to challenge their death sentences.

9. Section 1001.1(C) states:
When an action challenging the conviction or sentence of death is pending before it, the Court of Criminal Appeals may stay an execution date, or issue any order which effectively stays an execution date only upon a showing by the defendant that there exists a significant possibility of reversal of the defendant's conviction, or vacation of the defendant's sentence, and that irreparable harm will result if no stay is issued.

10. Section D provides:
Should a stay of execution be issued by any state or federal court, a new execution date shall be set by operation of law sixty (60) days after the dissolution of the stay of execution. The new execution date shall be set by the Court of Crimi-nal Appeals without necessity of application by the state, but the Attorney General, on behalf of the state, shall bring to the attention of the Court of Criminal Appeals the fact of the dissolution of a stay of execution and suggest the appropriateness of the setting of a new execution date.

11. Section E provides:
After an execution date has been set pursuant to the provisions of this section, should a stay of execution be issued by any state or federal court, a new execution date shall be set by operation of law thirty (30) days after the dissolution of the stay of execution. The new execution date shall be set by the Court of Criminal Appeals without necessity of application by the state, but the Attorney General, on behalf of the state, shall bring to the attention of the Court of Criminal Appeals the fact of the dissolution of a stay of execution and suggest the appropriateness of setting a new execution date.

12. Section F provides:
After an execution date has been set pursuant to the provisions of this section, should a stay of execution be issued by any state or federal court and then vacated by such court, the sentence of death shall be carried out as ordered prior to the issuance of such vacated stay of execution. If the prior execution date has expired prior to the vacation of the stay of execution, a new execution date shall be set by operation of law thirty (30) days after the vacation of the stay of execution. The new execution date shall be set by the Court of Criminal Appeals without necessity of application by the state, but the Attorney General, on behalf of the state, shall bring to the attention of the Court of Criminal Appeals the fact of a vacation of the stay of execution and suggest the appropriateness of the setting of a new execution date.

based on rules of statutory construction. The primary task in construing a statute is to ascertain and give effect to the intent of the Legislature. *Johnson v. State*, 2013 OK CR 12, ¶ 10, 308 P.3d 1053,1055; *Starkey v. Oklahoma Dept. of Corrections*, 2013 OK 43, ¶ 34, 305 P.3d 1004, 1017. To discern that intent, we look first to the language of the statute itself, giving the statutory terms their commonly accepted and understood meaning. *Johnson*, 2013 OK CR 12, ¶ 10, 308 P.3d at 1055; *W.R. Allison Enterprises, Inc. v. CompSource Oklahoma*, 2013 OK 24, ¶ 15, 301 P.3d 407, 411–412 (*citing State ex rel. Oklahoma State Dept. of Health v. Robertson*, 2006 OK 99, ¶ 6, 152 P.3d 875, 877–78). In construing statutory provisions, specific provisions govern over general ones. *See State v. Hall*, 2008 OK CR 15, ¶ 29, 185 P.3d 397, 404 (*citing Lozoya v. State*, 1996 OK CR 55, ¶¶ 17–18, 932 P.2d 22, 28–29); *Jones v. State ex rel. Office of Juvenile Affairs*, 2011 OK 105, ¶ 14, 268 P.3d 72, 76.

■ ¶ 4 It is evident from the plain language of § 1001.1 that the Legislature prescribed this Court's authority to grant stays of execution in Subsection (C). Although Subsections (D), (E), and (F) refer to stays of execution issued by "any state or federal court," these subsections do not specify the conditions under which "any state or federal court" may grant a stay, nor do they specifically vest authority to do so. These subsections identify this Court by name and task us with setting execution dates upon the dissolution or vacation of stays issued by other state or federal courts. Subsection (C) vests authority in this Court to grant stays of execution and prescribes the conditions under which we may do so. It is controlling. While the Oklahoma Supreme Court has authority to deem an issue civil and so within its jurisdiction, it does not have the power to supersede a statute and manufacture jurisdiction in this Court for Appellants' stay request by merely transferring it here. Therefore, Appellants' application for stays of execution is **DENIED.**

¶ 5 **IT IS SO ORDERED.**

¶ 6 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 18th day of April, 2014.

DAVID LEWIS, Presiding Judge, CLANCY SMITH, Vice Presiding Judge, GARY L. LUMPKIN, Judge, CHARLES A. JOHNSON, Judge, and ARLENE JOHNSON, Judge: concur.

SMITH, Vice Presiding Judge, Dissenting.

¶ 1 The majority has set forth an erudite and accurate analysis of this Court's jurisdictional restraints. However, I find that whether or not a stay is an appropriate exercise of this Court's authority under 22 O.S. 2011, § 1001.1., I would grant a stay to avoid irreparable harm as the appellants face imminent execution. I would do so in consideration of the appellants' rights, to avoid the possibility of a miscarriage of justice, and in comity with the Supreme Court's request for time to resolve the issues pending before it.

¶ 2 I am authorized to state that Judge Charles Johnson joins me in this dissent.

LUMPKIN, J., Specially Concurring.

¶ 1 I join in the order entered by the Court but write separately to point out Appellants' repeated failure to invoke the jurisdiction of this Court prevents the Court from reaching any other result.

¶ 2 On March 13, 2014, the Oklahoma Supreme Court determined only the Court of Criminal Appeals has jurisdiction to enter a stay of execution in a death penalty case and transferred to this Court part of the matter pending in Oklahoma Supreme Court Case No. 112,639. That portion transferred addressed the issue of whether a stay should be issued prior to the District Court of Oklahoma County considering the pleadings that have been filed in the above cited civil matter. This Court ordered the Appellants and the State to provide this Court with supplemental briefs and directed the parties to this Court's controlling precedent in *Malicoat v. State*, 2006 OK CR 25, 137 P.3d 1234 and 22 O.S.2011, § 1001.1. Appellants refused the opportunity to lawfully file an application for post-conviction relief and proceeded with their "civil" claim. Within its supplemental brief, the State acknowledged that it did not possess the drugs needed to carry out the

lawful sentence of death for Appellants. On March 18, 2014, this Court vacated and reset the scheduled executions for both Appellants. Appellant Lockett's execution was reset to April 22, 2014, and Appellant Warner's execution was reset to April 29, 2014.

¶3 On April 7, 2014, Appellants filed their joint Emergency Application for Stay of Execution Pending The Appeal From The District Court's Decision with this Court but did not file an action challenging their convictions, death sentences, or the constitutionality of the execution protocol. Instead, they continued to only raise "civil" claims. The State filed a response that same day and attested that it had the necessary drugs to lawfully carry out Appellants' execution and had advised Appellants concerning the Department of Corrections' new execution protocol. On April 9, 2014, we denied Appellants' request for a stay and explicitly informed Appellants that this Court was without authority to issue a stay without an action pending in this Court.

¶4 Despite this Court's notice to the Appellants of the need to invoke the jurisdiction of this Court by filing the appropriate pleadings, and the Oklahoma Supreme Court's opinion that only the Court of Criminal Appeals has jurisdiction to enter a stay of execution in a death penalty case, on April 14, 2014, Appellants, again, sought a stay of execution before the Oklahoma Supreme Court in Oklahoma Supreme Court Case No. 112,-741. Appellants' appeal only involves "civil" claims. On April 17, 2014, the Oklahoma Supreme Court transferred to this Court that portion of the issue of whether a stay of execution should be issued for both Appellants during the pendency of their appeal before the Oklahoma Supreme Court.

¶5 Counsel for Appellants are members of the Oklahoma Bar licensed to practice in the state. They are well aware that Oklahoma has a bifurcated civil-criminal system of justice. *Carder v. Court of Criminal Appeals,* 1978 OK 130, ¶1, 595 P.2d 416, 417. The jurisdiction of the Oklahoma Court of Criminal Appeals is set forth in Article VII, § 4 of the Oklahoma Constitution. The Court of Criminal Appeals has exclusive appellate jurisdiction in criminal cases and may exercise

such other and further jurisdiction as may be conferred by statute. *Id.*; 20 O.S.2011, § 40 ("The Court of Criminal Appeals shall have exclusive appellate jurisdiction, coextensive with the limits of the state, in all criminal cases appealed from the district, superior and county courts, and such other courts of record as may be established by law."). This Court has the authority to determine when it has the power to proceed. *Duvall v. State,* 871 P.2d 1386, 1387–88; 20 O.S.2011, § 42 ("Said Court shall have power, upon affidavit or otherwise, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."); 22 O.S.2011, § 1051 ("The procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals ... which will have the force of statute...."). It is the exclusive province of the Oklahoma Court of Criminal Appeals to construe state criminal statutes. *State v. Tolle,* 1997 OK CR 52, ¶5, 945 P.2d 503, 504. The Court of Criminal Appeals decisions are governed by the United States Constitution, the Constitution of the State of Oklahoma, duly enacted statutes, and controlling precedent concerning these authorities. *See Carder,* 1978 OK 130, ¶20, 595 P.2d at 420 ("There is no appeal or proceeding in error from the Court of Criminal Appeals to this Court."). The Court of Criminal Appeals is respectful of the Oklahoma Supreme Court's well-reasoned opinions, in all instances, but as the state appellate court with exclusive jurisdiction in criminal matters, the Court of Criminal Appeals must announce and apply principled rules to guide the state's citizens, trial courts, and criminal litigators as to criminal matters. *State v. Young,* 1999 OK CR 14, ¶17, 989 P.2d 949, 953.

¶6 Appellants' litigation is intended to take advantage of our bifurcated system of justice. However, I note that the Justices of the Oklahoma Supreme Court work hand-in-hand with the Judges that serve on this Court. Over 35 years ago, Justice Simms writing for the Oklahoma Supreme Court noted the relationship between the two courts:

It speaks well of our bifurcated civil-criminal appellate system that there has not

been a jurisdictional conflict between this Court and the Court of Criminal Appeals for more than fifty years. This scarcity of conflict is a testament to both the clarity of jurisdictional boundaries between the two Courts and the constant willingness of the members of each Court to observe and comply with their jurisdictional restrictions.

*Carder*, 1978 OK 130, ¶ 1, 595 P.2d at 417–18.

¶ 7 Both the Court of Criminal Appeals and the Oklahoma Supreme Court have determined how issues like these should proceed. As a general rule, a civil order will neither interfere to prevent the enforcement of a valid criminal judgment of conviction nor restrain or relieve the execution of a valid criminal sentence. *Maynard v. Layden*, 1992 OK CR 31, ¶¶ 7–10, 830 P.2d 581, 583. In *Maynard*, this Court stated:

> Brewer has the right to file a civil rights action and, if his complaints are valid, to obtain an injunction in such an action. However, the breadth of such an action, including the remedies available thereunder, is not unlimited and, as a general rule, cannot affect or apply to criminal actions, including the imposition of criminal punishment. *See Rogers v. Douglas* [*Douglass*, 181 Okla. 32], 72 P.2d 823, 825 (Okla.1937) Such is true especially where the criminal law provides a statutory remedy to prohibit the wrong or injury for which redress is sought by injunction. *See Id.; Independent School District No. 9 of Tulsa County v. Glass*, 639 P.2d 1233, 1237 (Okla.1982).

*Id.*, 1992 OK CR 31, ¶ 7, 830 P.2d at 583. In *Rogers*, the Oklahoma Supreme Court held that a district judge was without jurisdiction to issue a temporary restraining order enjoining enforcement of a criminal statute that had not been shown to be invalid. *Maynard*, 1992 OK CR 31, ¶ 7 n. 1, 830 P.2d at 583 n. 1, *citing Rogers v. Douglass*, 1937 OK 569, 181 Okla. 32, 72 P.2d 823. Where there is a forum and a remedy for a capital defendant to prohibit the execution of a judgment of death, an injunction emanating from an alternative forum is not necessary to effectuate such relief and is an impermissible intrusion upon criminal proceedings. *Maynard*, 1992 OK CR 31, ¶ 8, 830 P.2d at 583.

¶ 8 Appellants have a forum to challenge the validity of their convictions, sentences and the execution protocol. In no way, have Appellants been denied access to the courts. Excluding a timely direct appeal, any challenge to a sentence of death is governed by the Capital Post–Conviction Procedure Act, 22 O.S.2011, § 1089. *See* 22 O.S.2011, § 1080. This Court has previously determined that the proper method to object to the setting of an execution date or request a stay of execution is to file an application for post-conviction relief with the Court of Criminal Appeals. *Malicoat v. State*, 2006 OK CR 25, 137 P.3d 1234; *Torres v. State*, 2002 OK CR 35, 58 P.3d 214; *Valdez v. State*, 2002 OK CR 20, 46 P.3d 703. This includes any challenge to the execution protocol. *Id.* The Rules of the Court of Criminal Appeals apply to all appeals and proceedings before the Oklahoma Court of Criminal Appeals. Rule 1.0(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2014). Both § 1089 and Rule 9.7, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2014), set forth the requirements for a properly filed application for post-conviction relief. Our rules and decisions permit discovery in capital post-conviction proceedings. *Bland v. State*, 1999 OK CR 45, ¶ 3, 991 P.2d 1039, 1040. The Court of Criminal Appeals has the authority to grant a stay of execution of a sentence of death pursuant to 22 O.S.2011, § 1001.1.

¶ 9 However, Appellants have repeatedly refused to invoke the jurisdiction and power of the Court to act. It is a fundamental axiom of jurisprudence that a party must first file an action to have access to the court. *Buis v. State*, 1990 OK CR 28, ¶ 4, 792 P.2d 427, 429 (holding court may only exercise jurisdiction of justiciable matter through filing of pleadings sufficient to invoke power of the court to act). Despite repeated invitations from this Court for Appellants to file pleadings to invoke the jurisdiction of this Court, Appellants have failed to do so.

¶ 10 I have the utmost faith that if Appellants had a meritorious challenge to their convictions, sentences of death or the execution protocol, that the Oklahoma Indigent Defense System would ably represent them

pursuant to § 1089(B). I note that in each of the Appellants' cases, the District Court appointed the Oklahoma Indigent Defense System to represent them in seeking post-conviction relief. Attorneys from the Oklahoma Indigent Defense System have previously appeared in each of the Appellants' post-conviction proceedings. *Lockett v. State,* unpub. dispo. PCD–2002–631, (Okl.Cr. October 22, 2002); *Warner v. State,* unpub. dispo. PCD–2003–897 (Okl.Cr. December 20, 2006). Those attorneys understand and follow the procedure the Oklahoma Legislature has established for the review of sentences involving the death penalty. The District Courts' orders appointing the Oklahoma Indigent Defense System remain valid. In light of Appellants' repeated refusals to file an action in this Court I am forced to conclude that Appellants' "civil" pleadings are nothing more than an attempt to cause a delay in their lawful execution. Since the jurisdiction of this Court has not been properly invoked, this Court cannot issue a stay of execution.