**STATE of Oklahoma, Petitioner,**

v.

**Benjamin BREWER, Respondent.**

**No. F–83–677.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1991.

**ORDER DECLINING JURISDICTION**

The Attorney General of the State of Oklahoma and the District Attorney for Tulsa County have jointly filed an Application For Execution Date alleging that this Court affirmed Benjamin Brewer's death penalty on April 26, 1986, denied post-conviction relief on September 8, 1989, and the United States Supreme Court denied certiorari on March 26, 1990. Petitioners request that this Court set a new execution date since all state appeals are exhausted

---

and federal appeals were abandoned more than 60 days prior to the filing of the application.

We find that Petitioners have failed to follow the proper procedure. 22 O.S.1981 § 1012 provides:

> If, for any reason, a judgment of death has not been executed, and it remains in force, the court in which the conviction was had, on application of the district attorney, must order the defendant to be brought before it, or, if he is at large, a warrant for his apprehension may be issued.

22 O.S.1981 § 1013 then provides:

> Upon the defendant being brought before the court, it must inquire into the facts, and if no legal reason exists against the execution of the judgment, must make an order that the sheriff of the proper county execute the judgment at a specified time. The sheriff must execute the judgment accordingly.

It is clear that the trial court is the forum for the setting of a new execution date, and it is the duty of the district attorney to seek the new date in that forum. The responsibility of the trial court to set the date was recognized by this Court in *Armstrong v. State*, 2 Okl.Cr. 567, 103 P. 658 (1909).

For the above reasons, we decline to assume jurisdiction to grant the requested relief.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE,
PRESIDING JUDGE

/s/Tom Brett
TOM BRETT,
JUDGE

/s/Ed Parks
ED PARKS,
JUDGE