2014 OK 28

### Clayton LOCKETT and Charles Warner, Appellants/Plaintiffs,

v.

### Edward EVANS, in his Official Capacity as the Interim Director of the Oklahoma Department of Corrections, and the Oklahoma Department of Corrections, Appellees/Defendants.

No. 112741.

Supreme Court of Oklahoma.

April 17, 2014.

### OPINION

PER CURIAM:

¶1. On March 13, 2014, this Court refused to issue a Stay of Execution pending the outcome of a civil proceeding in district court. At that time, we remanded the civil cause to the district court for determination and transferred "only Plaintiffs' Emergency Application for Stay of Execution" to the Oklahoma Court of Criminal Appeals. Relying on a single subsection of 22 O.S.2001 § 1001.1, the criminal appellate court determined it had no authority to issue a stay.

¶2 This matter arises out of the civil proceeding remanded by our March 13th order. Here, we are again presented with an Application for Stay of Execution pending resolution of the appeal which involves both procedural matters related to the criminal conviction and the need to address substantive constitutional claims.

¶3 We consider, in light of prior related orders issued both by this Court and by the Court of Criminal Appeals, the Emergency Application for Stay of Execution Pending Outcome of the Appeal along with the supplement thereto.

WE DETERMINE THAT:

1) Under the facts presented, the Okla. Const. art. 7, § 4 vests in this Court the sole power to determine whether this cause lies within the jurisdiction of this Court or of the Court of Criminal Appeals and "**such determination shall be final.**" [Emphasis provided.]

2) In limiting its authority to considerations of stays only under 22 O.S.2011 § 1001.1(C), the Court of Criminal Appeals has ignored the clear language of remaining portions of the statute which expressly provide for stays to be issued in other circumstances than those relating solely to the possibility that a conviction may be overturned or a sentence vacated. Subsections (D) through (F), all contemplate that stays may be issued by "any state or federal court." In Oklahoma, we determine the courts having authority to issue such stays in criminal matters are limited to the district courts and the Oklahoma Court of Criminal Appeals. Okla. Const. art. 7, § 4. See also, *Oklahoma Public Employees Ass'n v. State ex rel. Oklahoma Office of Personnel Mgt.,* 2011 OK 68, 267 P.3d 838 [Relevant provisions of a statutory enactment are considered together in light of the whole act. Here, the statute appears within title 22 which is devoted entirely to criminal procedure. Furthermore, there is nothing within the statutory provision which indicates that the Supreme Court would have any jurisdiction to participate in these criminal proceedings.].

3) We reiterate here, as we did in our order of March 13th, that the Application for Emergency Stay "only" is transferred to the Court of Criminal Appeals. We emphasize that in ruling on the application, the criminal appellate court should remain cognizant that the civil portion of the related proceeding remains before this Court and that we fully expect that the State may file an additional appeal related to the district court's ruling. The State has until, on or about, May 1, 2014 to perfect its appeal. The procedural aspects of the plaintiffs/appellants' appeals make it impossible for our Court to commence consideration of the merits prior to the existing dates of execution set for both plaintiffs/appellants herein. Furthermore, both appeals present first impression constitutional claims which, if resolved in the prisoners' favor, might well support alterations in the execution process.

¶4 In exercising our constitutional power to determine jurisdiction, we transfer "only" the Application for Emergency Stay to the Court of Criminal Appeals. In so doing, we urge the appellate criminal court to be cogni-

zant of the time restraints associated with the submission of the appeal(s) to this Court along with the gravity of the first impression constitutional issues this Court will be charged with in addressing the civil appeal, or appeals.

## Substantive Issues Retained; Stay Provisions Transferred to Court of Criminal Appeals.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, JJ. concur.

GURICH, J. concurs in result.

WINCHESTER, TAYLOR, JJ. dissent.

TAYLOR, J., with whom WINCHESTER, J. joins, dissenting.

For the third time in this case, I dissent and urge that this Court transfer *all* the issues to the Court of Criminal Appeals. In the first and final analysis, all of the Appellant's claims are criminal in nature. This is a challenge to the method and protocol used in the execution of the death penalty. As I wrote in my second dissent, all these issues are "inextricably intertwined" with criminal procedure and criminal law. This is simply an Eighth Amendment cruel and unusual punishment challenge to the death penalty. There is nothing new about that.

This case has traveled a very long and complete journey through full due process of law. I warned in a previous dissent that this Court was crossing the Rubicon in its refusal to transfer this case to the proper court and now it is clear that the Appellants are taking full advantage of our being on the wrong side of that proverbial river. This diversion at the end of that journey is ignoring long-standing precedent and recent law. *Maynard v. Layden*, 1992 OK CR 31, 830 P.2d 581. *See Sells v. Livingston*, 750 F.3d 478, 2014 WL 1357039 (5th Cir.2014); *Sells v. Livingston*, 561 Fed.Appx. 342, 2014 WL 1316339 (5th Cir.2014) *cert. denied* —— U.S. ——, 134 S.Ct. 1787, 188 L.Ed.2d 612, 2014 WL 1325278 (2014); *Clemons v. Crawford*, 585 F.3d 1119 (8th Cir.2009) *cert. denied*, 561 U.S. 1026, 130 S.Ct. 3507, 177 L.Ed.2d 1092 (2010).

I disagree with the Order entered by the majority in this case wherein it speaks of the "gravity of the first impression constitutional issues" before this Court. I find absolutely no "gravity" in the Appellant's claims.